SO ORDERED.

SIGNED this 27 day of August, 2007.



_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:
DONALD ALAN KIDD
LINDA KAY KIDD,                         Case No. 06-41232
                                        Chapter 13
          Debtors.
_____

IN RE:
BARBARA LYNN ROBERTS,                   Case No. 07-40131
                                        Chapter 13
          Debtor.
_____

IN RE:
JERRY DEAN ROSE
GENEVA ROSIE ROSE,                      Case No. 07-40249
                                        Chapter 13
          Debtors.
_____

IN RE:
SHARON KAY KILL,                        Case No. 07-40254
                                        Chapter 13
          Debtor.
_____

IN RE:
JENNIFER ANNE OLSON,                    Case No. 07-40276
                                        Chapter 13
          Debtor.
_____

IN RE:
NATHAN ANDREW ADAMS
TERESA JANE ADAMS,                              Case No. 07-40283
                                                Chapter 13
                Debtors.
_____

IN RE:
BARRY CRAIG METZ
PAMELA KAYE METZ,                               Case No. 07-40321
                                                Chapter 13
                Debtors.
_____

IN RE:
JAMES PATRICK PRICE
LESLIE INEZ PRICE,                              Case No. 07-40368
                                                Chapter 13
                Debtors.
_____

IN RE:
PAUL JEFFREY MOORE,                             Case No. 07-40382
                                                Chapter 13
                Debtor.
_____

IN RE:
JAMIE ALLEN RICHARDSON
HEATHER LEEHANNE RICHARDSON,                    Case No. 07-40421
                                                Chapter 13
                Debtors.
_____

IN RE:
DAVID CHARLES LANE
ALMA JEAN LANE,                                 Case No. 07-40462
                                                Chapter 13
                Debtors.
_____

IN RE:
EDWIN GERALD HATTEMER
KELLY JO HATTEMER,                              Case No. 07-40463
                                                Chapter 13
                Debtors.
_____

IN RE:
TERENCE ALAN HOWE
APRIL DIANA HOWE,　　　　　　　　　　　Case No. 07-40572
　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　Debtors.

IN RE:
SHAUNN ALAN PYTLOWANY　　　　　　Case No. 07-40573
　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　Debtor.

IN RE:
MARGARET ELIZABETH WANISKA,　　　Case No. 07-40574
　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　Debtor.

IN RE:
DONALD EUGENE GILLISPIE
JULIE ANN GILLISPIE,　　　　　　　　　　 Case No. 07-40582
　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　Debtors.

IN RE:
SCOTT WILLIAM MORGAN
JODY LYNN MORGAN,　　　　　　　　　　Case No. 07-40607
　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　Debtors.

IN RE:
RONALD RAY ANDERSON
DARLENE LILLIAN ANDERSON,　　　　　Case No. 07-40609
　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　Debtors.

IN RE:
JUSTIN CLYDE HARRIS
SHERRI IRENE HARRIS,　　　　　　　　　Case No. 07-40667
　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　Debtors.

**MEMORANDUM OPINION AND ORDER**

The Court must decide whether it can confirm a Chapter 13 plan that expressly allows debtors, without the necessity of later meeting the requirements for modifying a plan under 11 U.S.C. § 1329,[1] to terminate their plan before the expiration of 3 or 5 years (depending on whether the debtor is a below or above-median income debtor). For the reasons stated below, the Court finds such a plan cannot be confirmed.

The Court has jurisdiction to decide these issues pursuant to 28 U.S.C. 157(b)(1) and §§ 1334(a) and (b). Confirmation of a plan is a core proceeding that this Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(L).

## Facts

The Trustee objected to confirmation of the plans in each of these cases, because each plan either expressly or impliedly allows for the Debtor to pay off or "cash out" the plan, and thus receive a discharge, sooner than the 3 or 5 year "applicable commitment period" required by § 1324(b)(4). Although there are several variations on the theme, the majority of these plans contain language essentially as follows:

> "After confirmation, Debtor reserves the right to pay off the case in full by tendering funds to the Trustee sufficient to pay all claims allowed and proposed to be paid under this plan. Debtor reserves the right to increase plan payments in order to pay off the plan over a time shorter than 60 months so long as the plan requirements are satisfied."[2]

---

[1]These cases were filed after October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 became effective. Pub. L. 109-8. All future statutory references are thus to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereafter BAPCPA), 11 U.S.C. §§ 101 - 1532 (2005), unless other specifically noted.

[2]Exhibit A to this opinion details the exact language in each plan that the Trustee contends violates the provisions of § 1325(b)(4).

4

## Analysis

The idea of early payoff of a Chapter 13 plan is not new and was not created by BAPCPA. The Court has frequently seen debtors elect to refinance an exempt home, or borrow from an exempt Individual Retirement Account or 401(k) plan, to fund the early payoff of their Chapter 13 plans. In most instances, these exempt assets were likely available on the date of filing, but debtors understandably wished to take advantage of the ability to discharge their unsecured debt that filing a Chapter 13 allowed. This was a form of "bankruptcy planning" that allowed certain debtors to obtain confirmation of a plan that required payment for at least 36 months, then later tap into the exempt asset to pay off the plan (which in most instances only included debt that was either secured by debtor's house or car, or a non-dischargeable tax liability—all of which debtor would have to pay regardless whether they filed Chapter 7 or 13).

Congress appears to have put an end to this form of bankruptcy planning under BAPCPA by amending § 1325(b)(1)(B) to require that a plan must "provide[s] that all of the debtor's projected disposable income to be received **in the applicable commitment period** ... be applied to make payments under the plan."[3] This language makes it clear that if a debtor wishes to obtain the increased benefits of filing Chapter 13 (over Chapter 7), that choice comes with a price. The price that Congress placed on admission into Chapter 13 is to tie the debtor to a plan for a definite period of time, which period is clearly defined in § 1325(b)(4) as either 3 or 5 years, depending on the debtor's income.

---

[3]Emphasis added.

This Court has recently held, in *In re Pohl*[4] and *In re Lanning*,[5] that a "[i]f a below-median income debtor cannot pay his unsecured debts in full, his applicable commitment period is three years. The applicable commitment period for above-median debtors is five years." The Court will not repeat the analysis that mandates that holding, but incorporates it herein by reference.[6] These nineteen cases ask the next question, which is whether a plan may provide for a lesser repayment period—or the possibility that a debtor may pay the plan off sooner, if the creditors will receive, over a shorter period of time, the same amount they would have received over the 3-5 year "applicable commitment period."

The policy arguments articulated in the briefs, and in a few court decisions, are admittedly persuasive. First, because some above-median income debtors may not be required to pay any amount to unsecured creditors (because their current monthly income–CMI[7]--is zero or even a

---

[4] 2007 WL 1452019 (Bankr. D. Kan. May 15, 2007).

[5] 2007 WL 1451999 (Bankr. D. Kan. May 15, 2007).

[6] This Court's *In re Lanning* decision did cite to part of the admittedly scant legislative history, a statement made by one of the proponents of the legislation, Senator Sessions, who stated that "[i]f a debtor files under Chapter 13 and learns how to manage money under a structured repayment plan that requires some discipline, the debtor learns financial responsibility and should be able to avoid future financial turmoil. Chapter 13 bankruptcies allow debtors to keep their assets and pay back a portion of their debts over a 5 year period. In exchange, the remaining portions of their debt are discharged and the debtor gets a fresh start." 151 Cong. Rec. S2462-02 at S2472 -S2473, 2005 WL 562943 (March 10, 2005) (statement of Senator Sessions). This Court concluded that the applicable commitment period might well have represented Congress' hope that requiring payments over a lengthy period of time might assist debtors in acquiring the financial discipline they would need to maintain their fresh start, post-discharge.

[7] CMI is generally defined in § 109(10A) to include the average income over a 6-month period prior to filing. As many judges and commentators have lamented CMI is thus not truly "current," or "monthly," or "income," as those terms are normally understood. *See, e.g., In re Kolb*, 366 B.R. 802, 810 n.12 (Bankr. S.D. Ohio 2007), citing 5 K. Lundin, Chapter 13 Bankruptcy § 364.1, p. 364-1 (3d Ed. 2000 & Supp. 2006), and *In re Balcerowski*, 353 B.R. 581, 589 (Bankr. E.D. Wis. 2006).

6

negative number, based upon the required calculations set forth in §§ 1325(b)(2) and (3)), it makes little sense to require debtors to keep their plans open for a full 60 months if they can pay off all of their secured and priority debt over a lesser period of time.[8] In other words, why require debtors to stay in a plan for 36 or 60 months if they have the financial ability to cash out sooner?

In addition, as mentioned in one of the Debtors' briefs, early payoff will actually benefit the creditors in most cases, as much as it does the Debtor. First, prepayment would allow the creditor to be paid sooner than they would have been under the terms of the plan. From a "time value of money" perspective, at least for creditors receiving no interest [or what proves to be less than market rate interest] under the plan, an early payoff is best. Second, early payoff eliminates the risk of the Chapter 13 plan failing, in which case the creditor might never receive payment. Third, allowing early payout not only benefits the debtor by allowing him to more quickly obtain a fresh start, but also because it potentially reduces the costs associated with remaining in a Chapter 13 plan, such as additional attorney fees.

As logical and compelling as these policy arguments are for the proposition that debtors should be able to ignore the three or five year applicable commitment period recently established by Congress, the bottom line is that it is not for this Court to make policy.[9] That is the exclusive role of the legislative branch, and Congress has spoken unequivocally on this issue.

---

[8] *See In re Mathis*, 367 B.R. 629 (Bankr. N.D. Ill. 2007) and *In re Fuger*, 347 B.R. 94, 101 (Bankr. D. Utah 2006 (holding "It makes little sense to hold the debtor hostage for 60 months where the debtor can satisfy the requirements of § 1325(b)(1)(B) in a shorter period").

[9] *In re Miller,* Case 06-132 (10th Cir. BAP August 16, 2007), quoting from *In re Horwitz*, 167 B.R. 237, 241 (Bankr. W.D. Okla. 1994) as follows: "We, however, believe it is not the Court's duty to create policy, but that of Congress. 'In sum, while judges might crave the freedom to always decree what is equitable and socially useful in the cases before us the Supreme Court says that we do not possess it when a statute or rule provides clear direction.'"

Congress specifically addressed the issue of early pay outs in § 1325(b)(4)(B) by expressly conditioning shorter plans on full repayment of <u>all</u> unsecured claims during that shorter time period. By its very terms, therefore, § 1325(b) does not allow a debtor to propose a plan that will allow the debtor to pay off a plan early, and receive a discharge before the expiration of the applicable commitment period, unless all unsecured claims are paid in full. Since the option of a shorter payout is exactly what most of these plans propose, those plans cannot be confirmed with the contrary language.

In addition, as discussed in this Court's prior decisions in *In re Pohl*[10] and *In re Lanning*,[11] the "applicable commitment period" clearly defined by Congress in § 1325(b)(4)(A) is a temporal yard stick for Chapter 13 plans. It does not provide that a finite dollar amount must be paid to creditors and then, once that amount is paid, debtors can complete their Chapter 13 plans and receive their discharge. Instead, it clearly provides the time period over which payments must be made.

For these reasons, plans that state or infer that debtors have an absolute right to pay off their plans and receive a discharge before the expiration of the applicable commitment period cannot be confirmed over the Trustee's objections. Plans post- BAPCPA must now provide for payments during the entire applicable commitment period required by § 1325(b)(4)(A), unless unsecured creditors[12] will be paid in full.

---

[10] 2007 WL 1452019 (Bankr. D. Kan. May 15, 2007).

[11] 2007 WL 1451999 (Bankr. D. Kan. May 15, 2007).

[12] This raises the question, not before the Court today because no party in interest has objected on this basis, whether a plan can be confirmed when it states or infers that amounts required to be paid to unsecured creditors pursuant to Form B22C includes creditors holding unsecured priority claims. *See, e.g., In re Puetz*, ___ B.R. ___, 2007 WL 1805482 (Bankr. D. Kan. 2007 (holding the term "unsecured creditors" does not include those amounts to be paid to priority creditors, because those amounts are addressed elsewhere on Form B22C; instead, the

8

Although the Court declines to confirm a plan that permits a debtor to pay off a plan earlier than the applicable commitment period as a matter of right, this decision does not close the door on a debtor's ability to seek a good faith modification of the plan at a later date, pursuant to § 1329. As the decision in *In re Ewers*[13] so clearly explains, § 1329 allows for modification of a confirmed plan at any time before the completion of payments. Notably, Congress specifically made § 1325(a) applicable to any proposed plan modification under § 1329, but did not similarly make the requirements of § 1325(b), including the provisions relating to the applicable commitment period, similarly applicable to a modified plan.

In addition, although § 1329 specifically provides that a modified plan "may not provide for payments over a period of time that expires after the applicable commitment period under section 1325(b)(1)(B) after the time for the first payment under the original confirmed plan was due . . .," it does not prohibit a modified plan from providing for payment over a shorter period of time. Therefore, debtors are not precluded from seeking a good faith modification of a confirmed plan to shorten the amount of time the plan must run, provided they file a proper motion, under § 1329, showing that there has been a sufficient change in circumstances to warrant such a modification of the plan, and that the modification is filed in good faith.[14]

---

language was instead intended to include expenses such as trustee commissions, which are not otherwise deducted on Form B22C); and *In re Wilbur*, 344 B.R. 650 (Bankr. D. Utah 2006) (holding "unsecured creditors," as used in BAPCPA § 1325(b)(1), means only general unsecured creditors).

[13]366 B.R. 139, 143-44 (Bankr. D. Nev. 2007) (holding that above-median income debtors could, post-BAPCPA, modify their Chapter 13 plan under § 1329 to provide for a shortened repayment period, provided the amended plan met all the requirements of § 1325(a), including that the amended plan was filed in good faith).

[14]In *In re Ewers*, the above-median income debtors proposed and had confirmed a 5 year plan, but soon after confirmation filed a modified plan to reduce the term from 5 to 3 years, to

## Application of Holding to Individual Cases

The Chapter 13 plans in *Kidd, Roberts, Rose, Olson, Adams, Metz, Price, Moore, Richardson, Hattemer, Waniska, Gillispie, Morgan, Anderson* and *Harris*, all contain the following, or substantially similar, plan language:

> After confirmation, Debtor reserves the right to pay off the case in full by tendering funds to the Trustee sufficient to pay all claims allowed and proposed to be paid under the plan. Debtor reserves the right to increase plan payments in order to pay off the plan over a time shorter than 60 months so long as the plan requirements are satisfied.

As set forth above, the Court finds that Debtors may not, as a matter of right, pay off their cases prior to the expiration of their respective applicable commitment periods, and receive an early discharge, as each of these plans permit. Therefore, the plans cannot be confirmed without the offending language being removed.

In *Lane*, the plan contains somewhat similar language, but also specifically provides that the Debtor will not seek early pay off without filing a separate motion seeking permission to do so. The Court would treat such a motion as one to modify the plan under § 1329, which the Lanes are free to file if they meet the requirements for such a modification. Therefore, the Court will treat the language in the *Lane* plan as nothing more than a reservation of the right to later file a motion to amend the plan under § 1329, if Debtors' circumstances change.

---

reduce the amount of the monthly payment, and to reduce the amount of payments to some creditors, based on the fact that they had retired from their jobs soon after confirmation. The Trustee opposed the modification on the basis that a § 1329 modification cannot now, post BAPCPA, shorten a plan below the debtor's applicable commitment period. The Trustee also objected, inferring that debtors' decision to retire, soon after confirmation, was improperly motivated. The *Ewers* court properly noted that the allegation regarding debtors' motivation was an issue of fact governed by the § 1325(a)(3) good faith requirement, and would have to be later decided by the court. *Id.* at 144.

10

*In Kill*, the plan provides that Debtor is required to pay approximately $6,000 to unsecured creditors. The plan does not specifically provide that Debtor can pay off the plan early and receive her discharge. As such, the plan does not conflict with § 1325(b). However, the Court's order today specifically holds that the language contained in this plan does not provide the Debtor the right to pay off her plan in less than the applicable commitment period and receive her discharge without filing a separate motion to modify the plan under § 1329.

In *Howe*, the plan provides that once the attorney fees are paid through the plan, additional amounts will be paid to secured creditors to shorten the number of months payments are to be made to secured creditors. Again, this plan does not specifically provide that Debtors can make payments for less than the 5 year applicable commitment period by paying off the plan early, and as such it does not conflict with § 1325(b). However, the Court's order today specifically holds that the language contained in this plan does not provide the Debtors the right to pay off their plan and receive a discharge in less than 5 years without filing a separate motion to modify the plan under § 1329.

In *Pytlowany*, Debtor has a 5 year applicable commitment period. His plan not only reserves the "right" of early pay off, but also expressly provides that payments will only be made for 36 months. This language clearly conflicts with § 1325(b), and the plan cannot be confirmed in its current form. Debtor's plan must provide that it will run for the full applicable commitment period required by § 1325(b).

11

For these reasons, the confirmation order in each of the cases where the plan has been confirmed[15] is deemed modified to read:

> Nothing in this plan shall be construed to permit a below-median income debtor to receive a discharge before three years, or an above-median income debtor before five years. Conversely, nothing in this plan shall be read to preclude the debtor from filing a good faith motion to modify, under 11 U.S.C. § 1329, if unforeseen circumstances occur during the term of the Chapter 13 plan that justify such a motion.

The Chapter 13 Trustee's form confirmation order should be amended to include this or substantively similar language for future cases, and if the *Lane* and *Harris* plans are ultimately confirmed, as amended, the confirmation orders in those cases should also contain this language.

## Conclusion

Under BAPCPA, for above-median income debtors, the "applicable commitment period" requires a stream of payments for a term of five years, unless the allowed claims of unsecured creditors are paid in full prior to the end of that period. The same is true for below-median income debtors, except the stream of payments required is three years. Accordingly, language in these plans that either expressly or impliedly allows a debtor to terminate the plan, and receive an earlier discharge, without first filing a Motion to Modify pursuant to 11 U.S.C. § 1329, and notifying all creditors and the trustee of the bases for such motion (with a separate objection period), is not

---

[15]The Court has confirmed plans in all but the *Lane* and *Harris* cases, but each confirmation order specifically reserved this issue for ultimate determination. Accordingly, each of those plans remains confirmed, but with the offending language, set forth on Exhibit A for each case, deemed stricken. The Court orally confirmed the plans in *Rose* and *Anderson*, but the actual confirmation orders have not yet been entered. The Court assumes that when the Trustee submits those confirmation orders, this decision will be incorporated by reference, or the order will otherwise specifically indicate the holding.

permitted. For that reason, each plan that has been previously confirmed, subject to this remaining dispute, is deemed confirmed with any such language or inference stricken.

This decision constitutes the Court's findings of fact and conclusions of law for purposes of Bankruptcy Rule 7052. A separate order sustaining the Trustee's objection will be entered pursuant to Fed. R. Bank. P. 9021.

# # #

13

Case 07-40131    Doc# 40    Filed 08/27/07    Page 13 of 19

-Exhibit A-

## PLAN LANGUAGE TO WHICH TRUSTEE OBJECTS

IN RE:
DONALD ALAN KIDD
LINDA KAY KIDD,  Case No. 06-41232 (Graham)
(Above median-income)

"After confirmation, Debtor reserves the right to pay off the case in full by tendering funds to the Trustee sufficient to pay all claims allowed and proposed to be paid under this plan. Debtor reserves the right to increase plan payments in order to pay off the plan over a time shorter than 60 months so long as the plan requirements are satisfied."

_____

IN RE:
BARBARA LYNN ROBERTS,  Case No. 07-40131 (Hinck)
(below median-income)

"After confirmation, Debtor reserves the right to pay off the case in full by tendering funds to the Trustee sufficient to pay all claims allowed and proposed to be paid under this plan. Debtor reserves the right to increase plan payments in order to pay off the plan over a time shorter than 60 months so long as the plan requirements are satisfied."

_____

IN RE:
JERRY DEAN ROSE
GENEVA ROSIE ROSE,  Case No. 07-40249 (Hooge)
(above median-income)

"After confirmation, Debtor reserves the right to pay off the case in full by tendering funds to the Trustee sufficient to pay all claims allowed and proposed to be paid under this plan. Debtor reserves the right to increase plan payments in order to pay off the plan over a time shorter than 60 months so long as the plan requirements are satisfied."

_____

IN RE:
SHARON KAY KILL,                                        Case No. 07-40254 (Brunton)
(above median income)

The original plan, to which the Trustee objected, did not contain express early payoff language, but did indicate "Estimated Plan Length: 42 [months]" and "All plans must run a minimum of 36 months or pay all creditors filing claims 100%." The plan has been amended (Doc. 42), and now provides: " ... this plan is 60 months and 60 X ($99.83) = ($5,989.81) the amount required to be paid to unsecured creditors, including priority and administrative creditors, except as provided herein."[16]

_____

IN RE:
JENNIFER ANNE OLSON,                                    Case No. 07-40276 (Hooge)
(above median income)

"After confirmation, Debtor reserves the right to pay off the case in full by tendering funds to the Trustee sufficient to pay all claims allowed and proposed to be paid under this plan. Additionally, Debtor reserves the right to increase plan payments in order to pay off the plan over a time shorter than 60 months so long as the plan requirements are satisfied."

_____

IN RE:
NATHAN ANDREW ADAMS
TERESA JANE ADAMS,                                      Case No. 07-40283 (Hooge)
(above median income)

"After confirmation, Debtor reserves the right to pay off the case in full by tendering funds to the Trustee sufficient to pay all claims allowed and proposed to be paid under this plan. Additionally, Debtor reserves the right to increase plan payments in order to pay off the plan over a time shorter than 60 months so long as the plan requirements are satisfied."

_____

---

[16]Although the Court does not decide this matter in this case, because it was not objected to by any party, the Court does note that there is authority for the position that the amount that must be paid to "unsecured creditors" pursuant to Form B22C, in this case nearly $6,000, does not include those amounts that is to be paid to priority creditors because those amounts are addressed elsewhere on Form B22C. *See, e.g.*, *In re Puetz*, ___ B.R. ___, 2007 WL 1805482 (Bankr. D. Kan. 2007).

15

IN RE:
BARRY CRAIG METZ
PAMELA KAYE METZ,                           Case No. 07-40321 (Michaux)
(above median income)

"After confirmation, Debtor reserves the right to pay off the case in full at any time by tendering funds to the Trustee sufficient to pay all allowed claims proposed to be paid under this plan. Additionally, Debtor reserves the right to increase plan payments in order to pay off the plan over a time shorter than 60 months so long as the plan requirements are satisfied. In any event, Debtor reserves the right to extend the plan payments to 60 months."

_____

IN RE:
JAMES PATRICK PRICE
LESLIE INEZ PRICE,                          Case No. 07-40368 (Post)
(above median income)

"After confirmation, Debtor reserves the right to pay off the case in full by tendering funds to the Trustee sufficient to pay all claims allowed and proposed to be paid under this plan. Additionally, Debtor reserves the right to increase plan payments in order to pay off the plan over a time shorter than 60 months so long as the plan requirements are satisfied."

_____

IN RE:
PAUL JEFFREY MOORE,                         Case No. 07-40382 (Hooge)
(above median income)

"After confirmation, Debtor reserves the right to pay off the case in full following confirmation by tendering funds to the Trustee sufficient to pay all claims allowed and proposed to be paid under this plan. Additionally, Debtor reserves the right to increase plan payments in order to pay off the plan over a time shorter than 60 months so long as the plan requirements are satisfied."

_____

IN RE:
JAMIE ALLEN RICHARDSON
HEATHER LEEHANNE RICHARDSON,                Case No. 07-40421 (Michaux)
(above median income)

"After confirmation, Debtor reserves the right to pay off the case in full at any time by tendering funds to the Trustee sufficient to pay all allowed claims proposed to be paid under this plan. Additionally, Debtor reserves the right to increase plan payments in order to pay off the plan over a time shorter than 36 months so long as the plan requirements are satisfied. In any event, Debtor reserves the right to extend the plan payments to 60 months."

16

---

IN RE:
DAVID CHARLES LANE
ALMA JEAN LANE,                                        Case No. 07-40462 (Neis)
(above median income debtors)

"Early pay off of plan balance. As debtor's commitment period is 60 months (3 monthly payments of $200 and 57 payments of $140), debtor reserves the right to pay off the amount so stated, $8,580) upon confirmation after motion and order from the Court. Debtor does not anticipate or expect to seek early pay off; this plan provision is intended to reserve debtor's right to pay off the calculated amount, $8,580, sooner than the running of 60 calendar months from date of commencement of payments. UNTIL OR UNLESS A BINDING PRECEDENT EITHER DENIES OR PERMITS SPECIFICALLY A PAY OFF SOONER THAN THE APPLICABLE COMMITMENT PERIOD, DEBTOR WILL NOT SEEK EARLY PAY OFF WITHOUT A MOTION TO THE BANKRUPTCY COURT PERMITTING SAME." (Doc. 24)

---

IN RE:
EDWIN GERALD HATTEMER
KELLY JO HATTEMER,                                     Case No. 07-40463 (Hinck)
(above median income)

"After confirmation, Debtor reserves the right to pay off the case in full by tendering funds to the Trustee sufficient to pay all claims allowed and proposed to be paid under this plan. Additionally, Debtor reserves the right to increase plan payments in order to pay off the plan over a time shorter than 60 months so long as the plan requirements are satisfied."

---

IN RE:
TERENCE ALAN HOWE
APRIL DIANA HOWE,                                      Case No. 07-40572 (Barnes)
(above median income)

"The Debtors will pay to the Trustee their disposable monthly income of $175.00 per month for 36 months." And "It is proposed that payments shall be made over a period of not less than 36 months. Estimated completion is 36 months."

---

17

IN RE:
SHAUNN ALAN PYTLOWANY           Case No. 07-40573 (Brunton)
(above median income)

The original plan, to which the Trustee objected, did not contain express early payoff language, but did indicate "Estimated Plan Length: 36." And "All plans must run a minimum of 36 months or pay all creditors filing claims 100%."

---

IN RE:
MARGARET ELIZABETH WANISKA,           Case No. 07-40574 (Michaux)
(below median income)

"After confirmation, Debtor reserves the right to pay off the case in full at any time by tendering funds to the Trustee sufficient to pay all allowed claims proposed to be paid under this plan. Additionally, Debtor reserves the right to increase plan payments in order to pay off the plan over a time shorter than 36 months so long as the plan requirements are satisfied and 36 times plan payments are paid."

---

IN RE:
DONALD EUGENE GILLISPIE
JULIE ANN GILLISPIE,           Case No. 07-40582 (Euler)
(above median income)

"After confirmation, Debtor reserves the right to pay off the case in full by tendering funds to the Trustee sufficient to pay all claims allowed and proposed to be paid under this plan. Additionally, Debtor reserves the right to increase plan payments in order to pay off the plan over a time shorter than 60 months so long as the plan requirements are satisfied."

---

IN RE:
SCOTT WILLIAM MORGAN
JODY LYNN MORGAN,           Case No. 07-40607 (Hooge)
(above median income debtors)

"In any event, Debtor reserves the right to extend the plan payments to 60 months. The amount proposed to be paid for unsecured debt is at least the amount required to be paid for the Applicable Commitment Period. After confirmation, Debtor reserves the right to pay off the case in full by tendering funds to the Trustee sufficient to pay all claims allowed and proposed to be paid under this plan. Additionally, Debtor reserves the right to increase plan payments in order to pay off the plan over a time shorter than 60 months so long as the plan requirements are satisfied."

_____

IN RE:
RONALD RAY ANDERSON
DARLENE LILLIAN ANDERSON,                   Case No. 07-40609 (Berberick)
(above median income)

"The amount proposed to be paid for unsecured debt is at least the amount required to be paid for Applicable Commitment Period. After confirmation, Debtor reserves the right to pay off the case in full by tendering funds to Trustee sufficient to pay all claims allowed and proposed to be paid under this plan. Additionally, Debtor reserves the right to increase plan payments in order to pay off the plan over a time shorter than 60 months so long as the plan requirements are satisfied."

_____

IN RE:
JUSTIN CLYDE HARRIS
SHERRI IRENE HARRIS,                        Case No. 07-40667 (Hooge)
(above median income)

"In any event, Debtor reserves the right to extend the plan payments to 60 months. The amount proposed to be paid for unsecured debt is at least the amount required to be paid for the Applicable Commitment Period. After confirmation, Debtor reserves the right to pay off the case in full by tendering funds to the Trustee sufficient to pay all claims allowed and proposed to be paid under this plan. Additionally, Debtor reserves the right to increase plan payments in order to pay off the plan over a time shorter than 60 months so long as the plan requirements are satisfied."

_____